IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JIMMIE HINELY,**

    **Plaintiff,**

**v.**                                      **Civil Action No. 1:07 CV 64**

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF**
**SOCIAL SECURITY,**

    **Defendant.**

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b)(1)(B), Rule 72(b), Federal Rules of Civil Procedure and Local Court Rule 4.01(d), on May 15, 2007, the Court referred this Social Security action to United States Magistrate John S. Kaull with directions to submit proposed findings of fact and a recommendation for disposition. On March 20, 2008, Magistrate Judge Kaull filed his Report and Recommendation ("R&R") and directed the parties, in accordance with 28 U.S.C. §636(b)(1) and Rule 6(e), Fed. R. Civ. P., to file any written objections with the Clerk of Court within ten (10) days after being served with a copy of the R&R. On March 29, 2008, plaintiff, Jimmie L. Hinely ("Hinely"), through counsel, Joyce H. Morton and Montie Van Nostrand, filed objections to the Magistrate Judge's R&R.

**HINELY V. ASTRUE**                                                    **1:07CV64**

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

### I.  PROCEDURAL BACKGROUND

On May 28, 1998, Hinely filed applications for Disability Insurance Benefits ("DIB") and Supplement Security Income ("SSI") alleging disability as of January 1, 1997.  Hinely last met the insured status requirements of the Act on September 30, 1998.  The Commissioner denied the applications initially and on reconsideration.  Upon review, the Administrative Law Judge ("ALJ") remanded the claim for consideration of Hinely's alleged mental impairments and, after further review, the State Agency again denied the claim.

Hinely requested a hearing and, on October 30, 2001, an ALJ conducted a hearing at which Hinely, represented by counsel, appeared and testified. A medical expert ("ME") and a vocational expert ("VE") also testified. On March 6, 2001, the ALJ determined that, for SSI purposes, Hinely became disabled as of June 1, 2000, but had not been disabled at any time prior to that date. The Appeals Council denied Hinely's request for review, making the ALJ's decision the final decision of the Commissioner.

On April 28, 2003, Hinely sought review of the ALJ's decision in this Court. Pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), on January 31, 2005, Magistrate Judge John Kaull

2

recommended that the matter be remanded to the Commissioner for further proceedings. On September 28, 2005, this Court adopted the R&R in whole and remanded the case to the Commissioner for a determination regarding whether Hinely was disabled at any time between January 1, 1997, and June 1, 2000. On October 28, 2005, the Appeals Council vacated the final decision of the Commissioner of Social Security and remanded the matter to an ALJ for further proceedings consistent with the Court's Order.

On February 9, 2006, an ALJ conducted a hearing at which Hinely, represented by counsel, appeared and testified. A VE also testified. On April 6, 2006, the ALJ determined that Hinely had not been disabled at any time between January 1, 1997 and May 31, 2000. The Appeals Council affirmed the ALJ's decision, making it the final decision of the Commissioner. On March 15, 2007, Hinely filed this case seeking review of the ALJ's April 6, 2006 decision.

## II.  PLAINTIFF'S BACKGROUND

Hinely was born on December 21, 1958, and, at the time of the 2006 administrative hearing, was 47 years old. He has a tenth grade education and a GED. His past relevant work experience includes work at a fish packing plant, as a mechanic on construction

projects, and as an equipment operator. He has not worked since 1996.

### III.   ADMINISTRATIVE FINDINGS

On April 6, 2006, utilizing the five-step sequential evaluation process prescribed in the Commissioner's regulations at 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found that Hinely was not disabled as defined in the Social Security Act from January 1, 1997, through May 31, 2000.

### IV.   PLAINTIFF'S OBJECTIONS

Hinely objects to Magistrate Judge Kaull's R&R, contending that he erred when he determined that there was substantial evidence in the record to conclude that:

1.   The ALJ had satisfied the requirements of Cook v. Heckler, 783 F.2d 1168 (4th Cir. 1986);

2.   The ALJ had considered the combination of Hinely's impairments;

3.   The ALJ had not abused his discretion by failing to have a medical expert testify at the administrative hearing; and

4.   The ALJ had considered the falls Hinely experienced, as well as their impact, in making his determination of Hinely's residual functional capacity ("RFC").

## V. DISCUSSION

### A.

Hinely first objects to Magistrate Judge Kaull's determination that the ALJ satisfied the requirements of Cook v. Heckler, 783 F.2d 1168 (4th Cir. 1986), and contends that the ALJ's opinion fails to refer to the evidence of record.

In Cook, the Fourth Circuit held that

> [a]dministrative determinations are required to be made in accordance with certain procedures which facilitate judicial review. In the present case, the Secretary failed to comply with those procedures in two important respects, with the result that we, as a reviewing court, simply cannot tell whether her decision is based on substantial evidence or not.

Id. at 1172. The Fourth Circuit further determined in Cook that the Commissioner's reasoning was deficient because the ALJ "should then have compared each of the listed criteria to the evidence of Cook's symptoms." Id. at 1173. According to the Fourth Circuit, absent such a comparison, "it is simply impossible to tell whether there was substantial evidence to support the determination." Id. Thus, an ALJ should compare the "symptoms to the requirements of the listed impairments," identify the relevant listed impairments and

then compare each of the listed criteria to the evidence of the symptoms. Id.

In this case, Magistrate Judge Kaull noted that the ALJ had identified the relevant listed impairments, compared the listed criteria to the evidence in the record and determined that the evidence did not support a finding that the listed criteria had been met. Specifically, the ALJ determined as follows:

> [T]he objective medical evidence of record during the period under adjudication regarding the claimant's back pathology does not show significant compromise of any nerve root or the spinal cord in the spine, appropriate evidence of nerve root compression, or pseudoclaudication resulting in an inability to ambulate effectively sufficient to meet or medically equal Listing 1.04 during the period under adjudication. Furthermore, the objective medical evidence of record regarding the claimant's knee impairment failed to show persistent knee joint pain and stiffness with signs of marked limitation of motion or abnormal motion on physical examination, with no x-ray evidence of significant joint space narrowing or significant bony destruction sufficient to meet or medically equal the criteria of Listings 1.02 or 1.03. Additionally, the claimant's lower extremity neuropathy has not resulted in disorganization of motor functions necessary to meet or medically equal listing 11.14. Finally, objective medical evidence of record failed to show significant persistent disorganization of motor functions from his bilateral carpal tunnel syndrome to meet any listing found in section 11.00 for neurological disorders.

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

Magistrate Judge Kaull noted that the record contained no evidence of medically acceptable imaging indicating lumbar spinal stenosis resulting in inability to ambulate effectively. Moreover, he found evidence that Hinely retained the ability to ambulate without the assistance of a device requiring the use of both hands. Nor was there any evidence of "reconstructive surgery or surgical arthrodesis to any weight-bearing joint, with inability to ambulate effectively ... or that return to effective ambulation did not occur, or is not expected to occur, within 12 months of onset." Listing 1.03. Accordingly, Magistrate Judge Kaull determined that, regarding the relevant period of time from 1997 to 2000, there was substantial evidence in the record to support the ALJ's determination that Hinely's knees, arms and shoulder conditions did not meet or equal Listing 1.04, 1.02 or 1.03.

Magistrate Judge Kaull also determined that the record contained substantial evidence to support the ALJ's decision with respect to Hinely's claims of impairments regarding Musculoskeletal Listings 11.00, 11.04 and 11.14. Accordingly, he correctly concluded that the ALJ's statement of reasons in his decision was adequate and satisfied the requirements in Cook.

**B.**

Hinely next objects to Magistrate Judge Kaull's determination that the ALJ properly considered the effects of the combination of his severe impairments.

20 CFR 404.1526 requires that:

> if you have more than one impairment and none of them meets or equals a listed impairment, we will review the symptoms, signs and laboratory findings about your impairments to determine whether the combination of your impairments is medically equal to any listed impairment.

In addition, 42 U.S.C. § 423(d)(2)(B) and 42 U.S.C. § 1382(c)(a)(3)(F) provide:

> In determining whether an individual's physical or mental impairment or impairments are of sufficient medical severity that such impairment or impairments could be the basis of eligibility under this section, the Commissioner of Social Security shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity. If the Commissioner of Social Security does find a medically severe combination of impairments, <u>the combined impact of the impairments shall be considered throughout the disability determination process</u>."

(Emphasis added).

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

In <u>Walker v. Bowen</u>, 889 F.2d 47, 49 (4th Cir. 1989), the Fourth Circuit held that

> Congress explicitly requires that 'the combined effect of all the individual's impairments' be considered, 'without regard to whether any such impairment if considered separately' would be sufficiently severe, 42 U.S.C. 423(d)(2)(c) <u>Hines v. Bowen</u>, 872 F.2d 56, 59 (4th Cir. 1989).

<u>Walker</u> further requires that

> the Secretary must consider the combined effect of a claimant's impairment and not fragmentize them.
>
> As a corollary to this rule, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments.

<u>Id.</u> at 50. (internal citations omitted)

Here, in accord with these requirements from <u>Walker</u>, the ALJ determined that:

> During the period under adjudication, the claimant [Hinely] had the following combination of severe impairments: back pathology; history of knee injuries and arthroscopic surgeries; peripheral neuropathy of the lower extremities; bilateral carpal tunnel syndrome; attention deficit disorder; affective disorder; anxiety disorder; and a somatoform disorder. . . .

The ALJ further determined that the record for the time period under consideration did not support a severe shoulder impairment, a severe hearing impairment or a diagnosis of fibromyalia.

Hinely offers no evidence to establish that a combination of his impairments meets or exceeds one or more of the listings. In Hays v. Sullivan, the Fourth Circuit noted that "it is the responsibility of the Secretary and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion." 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Seacrist v. Weinberger, 538 F.2d 597 (4th Cir. 1976).

Clearly, the ALJ considered Hinely's impairments alone and in combination and, as noted previously, correctly determined that, between 1997 and 2000, Hinely did not meet the requirements of any listing.

**C.**

Hinely next objects to the Magistrate Judge's conclusion that the ALJ's decision not to call a medical expert ("ME") to provide testimony at the administrative hearing did not result in an inadequate evaluation of his case. Under the regulations, an ALJ

may decide whether the case calls for the use of an ME to establish the date of disability onset. SSR 83-20.

Magistrate Judge Kaull noted that HALLEX 1-2-5-34 provides: "An ALJ may need to obtain an ME's opinion, either in testimony at a hearing or in responses to written interrogatories, when the ALJ desires expert medical opinion regarding the onset of an impairment." Even though HALLEX is not authoritative, it provides instructions for ALJs to follow. Here, because the ALJ determined that Hinely was not disabled during the relevant time period, a determination of an onset date was not necessary. Accordingly, Magistrate Judge Kaull correctly found that the ALj had not abused his discretion in deciding not to call an ME to assist in the determination of a disability onset date.

**D.**

Hinely also objects to the Magistrate Judge's determination that the record contained substantial evidence to support the hypothetical question the ALJ posed to the VE.

In <u>Chester v. Mathews</u>, 403 F.Supp. 110 (D.Md.1975), the court stated that the purpose of a vocational expert's testimony is to assist the ALJ in determining whether there is work available in the national economy that a particular claimant can perform. In

11

Walker v. Bowen, 889 F.2d at 50-51, the Fourth Circuit stated that

> . . . for a vocational expert's opinion to be relevant or helpful in disability benefits proceeding, it must be based upon a consideration of all other evidence in record, *Chester v. Mathews*, 403 F.Supp. 110 (D. Mc. 1975), and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments.

The opinion of a vocational expert, thus, must be based on more than just the claimant's testimony; it should be based on the claimant's condition as gleaned from the entire record. Id. Moreover, in an unpublished opinion, Koonce v. Apfel, 166 F.3d 1209 (4th Cir 1999) (unpublished) (copy attached), the Fourth Circuit noted that an ALJ has "great latitude in posing hypothetical questions" and need only include limitations that are supported by substantial evidence in the record.

Hinely contends that the ALJ's hypothetical questions were incomplete because he failed to include the history of Hinely's falls.  The ALJ, however, included all of the limitations, or the effects of the limitations, in the hypothetical questions he posed to the VE. Counsel for Hinely included many other limitations, including the history of Hinely's falls, in her cross-examination questions to the VE. Significantly, Hinely's counsel did not refer

12

to the medical evidence of record to specify the number of times Hinely had fallen, but simply offered an estimate of the number of his falls.

When he made his findings of fact, the ALJ had before him for consideration Hinely's counsel's hypothetical questions, including those regarding Hinely's history of falling. He also had considered the VE's responses when he found that:

> (1) [D]uring the period under adjudication the claimant had the following residual functional capacity: he is able to perform a range of sedentary work; requires a sit/stand option; can perform postural movements occasionally, except cannot climb ladders, ropes or scaffolds; requires a cane for ambulation; should work in a low stress environment with no production line type of pace or independent decision making responsibilities; is limited to unskilled work involving only routine and repetitive instructions and tasks; and should have no more than occasional interaction with others.
>
> (2) [T]he claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but . . . the claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible; and
>
> (3) [G]iving the claimant the maximum benefit of the doubt, even though the Administrative Law Judge concurs with the prior decision that the claimant is not very credible, he could only perform postural movements occasionally, except he could not climb ladders, ropes or

> scaffolds. Furthermore, the undersigned believes that the claimant's carpal tunnel syndrome is also accommodated by limiting him to sedentary work. There is no significant evidence in the record that the claimant's manipulation has been affected to any significant extent by the bilateral carpal tunnel syndrome. Finally, the peripheral neuropathy of the legs and the knee problems are accommodated by a sit/stand option as well as the use of a cane and postural limitations.
>
> As noted above, the Administrative Law Judge is giving the claimant the absolute maximum benefit of the doubt because the undersigned agrees entirely with prior decision that this claimant has very little credibility. The record is replete with references to histrionics and over-exaggeration. More to the point are the comments made by various doctors throughout the record.

In his R&R Magistrate Judge Kaull found that the ALJ had sufficiently documented the basis for his credibility ruling with specific examples from the medical record. After noting that the ALJ had reviewed all of the evidence of record, Magistrate Judge Kaull concluded that, based on that evidence, which included Hinely's history of falling and subjective complaints, there was substantial objective evidence to support the ALJ's credibility finding, as well as the weight he had assigned to the medical opinions. Accordingly, Magistrate Judge Kaull properly determined that the ALJ's hypothetical questions to the VE included all the

limitations that were supported by substantial evidence in the record, and that the ALJ also properly relied on the opinions that the VE gave in response to all questions asked of him, including those from Hinely's counsel regarding Hinely's history of falls.

## VII. <u>CONCLUSION</u>

After examining the plaintiff's objections and the evidence in the case, it appears to the Court that Hinely has not raised any issues that were not thoroughly considered by Magistrate Judge Kaull in his thorough Report and Recommendation. Moreover, upon an independent <u>de novo</u> consideration of all matters now before it, the Court is of the opinion that the Magistrate Judge's Report and Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in this action. Therefore, it accepts Magistrate Judge Kaull's Report and Recommendation in whole and **ORDERS** that this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly,

1. The defendant's motion for Summary Judgment (Docket No. 21) is **GRANTED**;
2. The plaintiff's motion for Summary Judgment (Docket No. 14) is **DENIED**; and

3.   This civil action is **DISMISSED WITH PREJUDICE** and **RETIRED** from the docket of this Court.

The Clerk of Court is directed to enter a separate judgment order. Fed.R.Civ.P. 58.

The Clerk of the Court is directed to transmit copies of this Order to counsel of record.

DATED: September 30, 2008

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE